Raymond Babaian (State Bar No. 232486)
rb@valiantlaw.com
Joseph Jeziorkowski (State Bar No. 343585)
jjj@valiantlaw.com
**VALIANT LAW**
800 Ferrari Lane, Suite 100
Ontario, California 91764
Phone: 909 677 2270 ♦ Fax: 909 677 2290

Attorneys for Plaintiff, JANE DOE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual<br><br>Plaintiff.<br><br>v.<br><br>FOX CORPORATION, a Delaware Corporation; FOX CABLE NETWORK SERVICES, LLC, a Delaware Company; VALSH EXECUTIVE PROTECTION, LLC, a California company; CONSTELLIS, LLC, a Virginia company; TRIPLE CANOPY, INC., an Illinois corporation; VEANTEA BURNSIDE, an individual; CHRISTOPHER GANNY, an individual; GREGORY OCHOTORENA, an individual; DIIJON WILLIAMS, an individual; ANNA DRUKER, an individual; and DOES 1-100, inclusive<br><br>Defendants. | Case No. 2:25-cv-08066-RGK (RAOx)<br><br>**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY SHE SHOULD BE PERMITTED TO PROCEED BY PSEUDONYM**<br><br>[*Filed and Served Concurrently with Raymond Babaian's Declaration*] |

**TO THIS HONORABLE COURT:**

The Plaintiff submits this response to the Court's Order to Show, explaining her reasons to proceed under the pseudonym "Jane Doe" and respectfully requests the Court allow her to move forward with this suit anonymously.

## I. INTRODUCTION

Plaintiff Jane Doe ("Plaintiff" or "Ms. Doe") is a rape survivor who seeks to use a pseudonym in this litigation to protect her health, safety and well-being. She was the victim of sexual assault, harassment and discrimination, which stems from the hostile mistreatment of the Plaintiff by the Defendants, including Fox and its executives. Numerous facts detailed in the First Amended Complaint (Dkt. 19, "FAC") are sensitive and highly personal in nature, identify the terrible occurrences Plaintiff was forced to endure, including degrading, sexually offensive and humiliating events.

Further, Plaintiff continues to work in the same competitive and tightly interconnected industry she worked in while employed by Fox, and if required to disclose her identity, Plaintiff maintains a legitimate fear her career trajectory will be further, and completely, derailed. Plaintiff's current role requires her to attend the same high-profile industry events, engage with shared vendors, and frequently interact with individuals who previously worked at Fox or who are professionally aligned with her former abuser and retaliators. Despite her wrongful termination by Fox, Plaintiff's ongoing presence in the industry means she routinely risks contact with former colleagues, supervisors, and others affiliated with Defendants. This exposure creates a credible, ongoing fear of retaliation, reputational damage, and emotional trauma. These concerns are particularly acute given the high-profile nature of the media and entertainment industry and the pervasive reach of informal, behind-the-scenes communication that shapes reputation and opportunity. The intensely private and traumatic facts within the Complaint are not currently part of public discourse regarding this case. Plaintiff reasonably believes if she is forced to disclose her identity, that she will be subjected to ridicule and personal embarrassment in her community.

As set forth in further detail below, Ms. Doe respectfully requests she be permitted to proceed anonymously pursuant to Fed. R. Civ. P. 10(a).

## II. LEGAL STANDARD

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint must include the name of all parties. Fed. R. Civ. P. 10(a). The normal presumption is that the parties will use their real names, which is related to the public's right to open courts and the rights of individuals to confront their accusers. *Doe v. Kamehameha Sch.* (9th Cir. 2010) 596 F.3d 1036, 1042. However, courts have allowed a party to proceed in anonymity where special circumstances justify the secrecy. *DOES I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

In the Ninth Circuit, a party may proceed with the use of a pseudonym "in the 'unusual case' when nondisclosure of the party's identity 'is necessary… to protect a person from harassment, injury, ridicule or personal embarrassment.'" *Advanced Textile Corp.*, 214 F.3d at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Advanced Textile Corp.,* 214 F.3d at 1068.

Courts have generally allowed a party to proceed with anonymity in three circumstances: "1) when identification creates a risk of retaliatory physical or mental harm[;]" 2) where it is necessary "to preserve privacy in a manner of sensitive and highly personal nature[;]" and 3) where the party is "compelled to admit [his or her] intention to engage in illegal conduct thereby risking criminal prosecution[.]" *Advanced Textile Corp.,* 214 F.3d at 1068.

"To determine whether to allow a party to proceed anonymously when the opposing party has objected, a district court must balance five factors: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such retaliation," (4) the prejudice to the opposing party, and (5) the public interest." *Doe v. Kamehameha Sch.* (9th Cir. 2010) 596 F.3d 1036, 1042. Each of these factors supports permitting Plaintiff to proceed

anonymously.

## III. ARGUMENT

### A. Identification of Jane Doe Poses a Severe Risk of Further Harm

Plaintiff is survivor of egregious acts of rape and sexual assault perpetrated by her supervisor during a work trip, followed by persistent retaliation and threats related to her LGBTQ+ identity. (ECF No. 19 ¶¶ 29-34). Ms. Doe's identification poses a risk of mental harm and there is a grave concern with the disclosure of her identity which could exacerbate any psychological issues Plaintiff is currently suffering. Ms. Doe's experiences at the hands of Defendants, which as described in the FAC are deeply traumatic, have caused her extreme anguish and severe emotional distress. *See Doe 140 v. Archdiocese of Portland in Or.*, 249 F.R.D. 358, 361 (D. Or. 2008) (explaining that "the experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact"). Courts have consistently recognized the appropriateness of pseudonyms in cases involving sensitive matters such as sexual assault, sexual orientation, and gender identity. *See Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (permitting pseudonyms in cases involving "abortion, transexuality, and homosexuality"). As a member of the LGBTQ+ community and a survivor of sexual assault, Plaintiff falls squarely within the classes that the Courts have protected by permitting the use of a pseudonym. Public disclosure of Plaintiff's identity today would compound her trauma, and expose her to further retaliation and reputational harm in her career and new employment, as she works in the same close-knit industry as she did when these horrific acts occurred.

Indeed, the risk of encountering former colleagues, allies of her assailant, or others who participated in retaliatory behavior, all remain high. The reputational damage and chilling professional consequences from retaliation and public exposure of her identity would be profound and immediate. In such a competitive field, where professional relationships and informal reputations heavily influence hiring and

advancement, any public knowledge tying her name to this litigation would seriously jeopardize her ability to maintain and advance her career.

The severity of the harm includes not just emotional trauma and humiliation, but potential career destruction and public exposure in a high-profile media environment. These are precisely the kinds of harms that have led courts to allow anonymity in cases involving sexual assault and sensitive personal matters. "Courts have generally permitted plaintiffs to proceed anonymously when their claims involved allegations of sexual assault or rape." *Doe v. Rose*, 2016 U.S.Dist.LEXIS 188930 (C.D.Cal. June 17, 2016) at *3-4. Given that Plaintiff's case arises from her sexual assault and the sexual violence she endured, her case falls squarely within the type that Courts have generally recognized a need for anonymity.

Therefore, Plaintiff's mental well-being and career will be put at further risk by being forced to disclose her identity to the public.

### B. Plaintiff's Fears of Further Harm are Reasonable

Plaintiff's fears of further retaliation, professional harm, and emotional trauma are entirely reasonable given the facts already alleged. After Plaintiff reported the assault internally, FOX did not protect her or her identity, but instead, senior executives actively worked to unmask her, coerced a colleague under threat of termination, launched a "witch hunt," and ultimately deceived Plaintiff into revealing herself by misrepresenting HR officials as "Fox Legal." (ECF No. 19 ¶¶ 65-66). Following that coercion, FOX disregarded her allegations, declared the sexual assault "consensual," and told her that what occurred with Burnside was "none of FOX's business." (*Id.* at ¶¶ 69-71).

These events establish a clear pattern of retaliation and bad faith. Plaintiff's fears are supported not only by the direct conduct of Defendants, but also by the predictable social and professional repercussions faced by sexual assault survivors who come forward, especially those who work in male-dominated, high-profile industries, such as here. These fears are not meritless but are rooted in past experience

and a well-documented understanding of the risks survivors face.

Further, Plaintiff has taken steps to keep her identity confidential. Other than through the filing of her civil claims, Ms. Doe has kept the details and her identity with respect to this matter confidential from the public. She has not publicly spoken to the media about her experiences with Defendants. As such, Ms. Doe plans to continue to maintain confidentiality surrounding this matter.

### C. Plaintiff is Vulnerable to Further Retaliation and Harm

Plaintiff occupies a uniquely vulnerable position. As a woman, an LGBTQ+ individual, and a survivor of workplace sexual assault, she sits at the intersection of multiple identities that heighten her susceptibility to discrimination, social stigmatization, and retaliation. "This district has thus considered 'social stigmatization' among the 'most compelling' reasons for permitting anonymity. This is consistent with the Ninth Circuit's instruction in *Advanced Textile* that anonymity is permitted where the subject matter of a case is 'sensitive and highly personal,' and where disclosing a party's identity threatens to subject them to 'harassment, . . . ridicule or personal embarrassment.'" *Roes 1-2 v. SFBSC Mgmt., LLC* (N.D.Cal. 2015) 77 F. Supp. 3d 990, 994. Plaintiff has expressed a serious and well-founded concern about the personal and professional fallout that could result from public disclosure of her identity. Plaintiff already anticipates real-world consequences stemming from having to interact or work alongside many of the same individuals she previously knew or worked with during her time at Fox. (Declaration of Raymond Babaian (hereinafter "Babaian Decl.") ¶ 4, Exhibit A).

These individuals include not only direct former co-workers, but also those in shared professional networks, vendors, producers, publicists, and others, who attend the same industry functions, conferences, or collaborative projects. Many of the individuals she now encounters were either directly involved in the misconduct at Fox or have maintained close personal or professional relationships with those who were. Because of the visibility and influence Fox and its executives hold in the media

-6-
**PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY SHE SHOULD BE PERMITTED TO PROCEED BY PSEUDONYM**

industry, there is a continued, credible threat that public disclosure of Plaintiff's identity would lead to ostracism, loss of work, or coordinated retaliation from those loyal to Defendants or unsympathetic to her claims.

Additionally, because Plaintiff still attends events and conferences that Defendants and their affiliates frequent, she remains in close proximity, both professionally and physically, to the environment that caused her harm. The constant possibility of being recognized as the Plaintiff in this action, especially given its sensitive subject matter, places her at continuous emotional risk. In an industry where professional relationships are tightly interconnected and informal channels of communication are pervasive, public identification could subject her to precisely the kind of stigmatization and professional retaliation that Courts in the Ninth Circuit have recognized to justify anonymity.

Notably, after Plaintiff reported her assault and requested anonymity, FOX did not isolate or remove her from the proximity of her alleged abuser. (ECF No. 19 ¶¶ 70-72). Instead, Plaintiff was forced to continue working in the same environment, denied promotions in favor of less-qualified male candidates, and subjected to ongoing marginalization. This persistent pattern of retaliatory conduct highlights her continued exposure to professional harm, a harm that would only increase if her identity becomes public considering that Plaintiff's current employment's attendance at professional events overlaps with Fox's and its employees' attendance. (Babaian Decl. ¶ 3).

Plaintiff's vulnerability is also amplified by the nature of the internet and social media. Public litigation involving sexual assault and LGBTQ+ identity can lead to online harassment, doxxing, targeted trolling, and irreparable reputational damage.

### D. Defendants Are Not Prejudiced by Allowing Plaintiff to Proceed Anonymously

Defendants will suffer no meaningful prejudice if Plaintiff proceeds under a pseudonym. They already know her identity. They have had direct interactions with

her regarding the underlying allegations, initiated internal investigations, and already used her identity in their attempts to discredit her complaint. The use of a pseudonym does not obstruct discovery, depositions, or trial preparation. In *Doe v. Rose,* the Court found that "[a]t most, Defendant Rose and his public relations staff would be inconvenienced by Plaintiff's anonymity. That inconvenience alone, however, is hardly sufficient to outweigh the harassment and humiliation Plaintiff would likely endure if her name were revealed to the public." 2016 U.S.Dist.LEXIS 188930 (C.D.Cal. June 17, 2016) at *8. Here, however, Defendants are already aware of Ms. Doe's identity and would thus not even face such an "inconvenience."

Indeed, any minimal inconvenience to Defendants is far outweighed by the harm Plaintiff would suffer if denied anonymity. There is no strategic disadvantage to Defendants, nor will pseudonymity shield Plaintiff from accountability or proper judicial scrutiny. The Court will retain full control over all procedural aspects of the case, and Defendants can litigate their defense without impediment.

### E. The Public Will Not Be Prejudiced if Plaintiff Proceeds Anonymously

Public interest is not compromised by allowing Plaintiff to proceed under a pseudonym. In *Doe v. Ayers* (9th Cir. 2015) 789 F.3d 944, 946, the Court concluded that "the public's interest in the case [was not] best served by requiring that the litigants reveal their identities," because here, "[p]arty anonymity [did] not [significantly] obstruct the public's view of issues joined or the court's performance in resolving them." *Advanced Textile Corp.*, 214 F.3d at 1068 (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981)). Such anonymity in this case affects only the name of the Plaintiff, it does not shield the substance of the allegations, the parties' conduct, or the legal process itself.

In fact, allowing anonymity here serves an important public interest in ensuring that survivors of sexual assault, especially those in vulnerable professional positions and marginalized communities, can seek redress in court without fear of retaliation. Courts have acknowledged this public benefit. See *Does I thru XXIII v. Advanced*

*Textile Corp.,* 214 F.3d 1058, 1073 (9th Cir. 2000) (stating that the use of fictitious names is in the public's interest if it enables plaintiffs to bring legitimate claims that they would be otherwise deterred from bringing).

Further, given that Plaintiff's allegations involve sexual violence, LGBTQ+ status, and systemic retaliation by a powerful media company, the case raises important societal issues. Protecting Plaintiff's identity ensures that these issues can be litigated on the merits without chilling the participation of future litigants who may otherwise remain silent out of fear of exposure and retaliation.

Ms. Doe is not a public figure, and her identity would not change public perception or add any new context to her allegations. She is unfortunately yet another victim of horrific rape, sexual assault and retaliation throughout decades. Knowing her exact name is not necessary to complete the public's knowledge of her allegations here.

## IV. PENDING MOTION TO REMAND

Plaintiff also respectfully requests that the Court defer ruling on the present Order to Show Cause until after the Court has ruled on Plaintiff's pending Motion to Remand, which is scheduled to be heard on November 10, 2025. Because the outcome of that motion may affect the Court's jurisdiction and the procedural posture of this case, it would promote judicial efficiency and avoid potentially unnecessary rulings to await that determination.

/ / /

/ / /

/ / /

/ / /

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her leave to proceed under the pseudonym "Jane Doe" and permit all related filings to be made anonymously. The severe and ongoing harms Plaintiff faces, the reasonableness of her fears, her particular vulnerability, the lack of prejudice to Defendants, and the public interest all strongly support this request for anonymity.

DATED: October 6, 2025         **VALIANT LAW**

By: _____
RAYMOND BABAIAN
JOSEPH JEZIORKOWSKI
Attorneys for Plaintiff, JANE DOE

## CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Jane Doe, certifies that this brief contains 2,759 words which complies with the word limit of L.R. 11-6.1. Counsel relies on the word count of the computer program used to prepare this brief.

By: _____
RAYMOND BABAIAN
JOSEPH JEZIORKOWSKI
Attorneys for Plaintiff, JANE DOE

# PROOF OF SERVICE

I am employed in the County of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is 800 Ferrari Lane, Suite 100, Ontario, CA 91764.

On October 6, 2025, I served the foregoing document(s) described as **PLAINTIFF'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE WHY SHE SHOULD BE PERMITTED TO PROCEED BY PSEUDONYM** on all the interested parties in this action at the address listed below, as follows:

| | |
|---|---|
| Alice H. Gilbert<br>Ellis George LLP<br>2121 Avenue of the Stars, 30th Floor<br>Los Angeles, California 90067<br>Main 310.274.7100<br>Fax 310.275.5697<br>**Attorney for Plaintiff/Defendant FOX CORPORATION, a Delaware Corporation; FOX CABLE NETWORK SERVICES, LLC, a Delaware Company; CHRISTOPHER GANNY, an individual; GREGORY OCHOTORENA, an individual; DIIJON WILLIAMS, an individual; ANNA DRUKER, an individual** | Email:<br>agilbert@ellisgeorge.com<br>egeorge@ellisgeorge.com<br>bscheibe@ellisgeorge.com<br>pszeto@ellisgeorge.com<br>cbonilla@ellisgeorge.com |

(__) **MAIL (FRCP 5(b)(1)(C))**: By placing a true copy (copies) thereof enclosed in a sealed envelope(s), addressed as above, and by placing said sealed envelope(s) for collection and mailing on the date following ordinary business practices. I am "readily familiar" with the business' practices for collection and processing of correspondence for mailing the U.S. Postal Service. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Bernardino County, California, in the ordinary course of business.

(__) **ELECTRONIC MAIL:** I served the above document(s) by electronic mail in the United States during normal business hours by causing the within document to be transmitted to the attorney of records for the parties herein at the email address(es) as indicated above. The electronic service was in compliance with CRC Rule 2.251 and the transmission was reported as completed and without error. I am readily familiar with Valiant Law business practice of electronic service.

-1-
PROOF OF SERVICE

(__) **EXPRESS MAIL**: I caused said document(s) to be placed in an Express Mail Overnight Envelope and deposited in an express Mail DropBox to be delivered the following business day pursuant to FRCP 5(b)(1)(F)).

(_X_) **ECF /EMAIL**: By electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them via email as indicated above.

(__) **PERSONAL SERVICE (FRCP 5(b)(1)(B)(i))**: I caused said documents to be served by personally deliver them to the person(s) at the address(es) noted above.

      I declare under penalty under the laws of the State of California and the United States that the foregoing above is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      Executed on October 6, 2025, at Ontario, California.

_____
ANA PRECIADO