JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08066-RGK-RAO | | Date | December 8, 2025 |
|---|---|---|---|---|
| Title | *Jane Doe v. Fox Corporation et al* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [23]; and Defendants Fox Corporation and Fox Cable Network Services, LLC's Motion to Dismiss [26]**

## I.      INTRODUCTION AND BACKGROUND

On August 20, 2025, Jane Doe ("Plaintiff") initiated this action in state court against Fox Corporation and Fox Cable Network Services, LLC ("Fox"); Valsh Executive Protection, LLC ("Valsh"); Constellis, LLC; Triple Canopy, Inc. (collectively with Constellis, LLC, "Constellis"); Veantea Burnside; Christopher Ganny; Gregory Ochotorena; Dijon Williams; and Anna Druker (collectively, "Defendants"). (ECF No. 1-1.) Plaintiff asserted several causes of action related to her former employment at Fox, including one federal law claim under 18 U.S.C. § 591 and several state law claims. (*Id.*).

On August 27, 2025, Fox removed the case to federal court, citing both federal question and diversity jurisdiction. (ECF No. 1.) At removal, no defendant had been served. (Scheibe Decl. in support of Opp'n ¶ 2, ECF No. 29-1.)

On September 25, 2025, Plaintiff filed the operative First Amended Complaint ("FAC"), asserting twelve state causes of action. (ECF No. 19.) In the FAC, Plaintiff asserted no federal claim.

Plaintiff did not include her residence in the initially filed state court complaint or the FAC. (*See* ECF Nos. 1-1; 19.) According to a charge she filed with the U.S. Equal Employment Opportunity Commission, Plaintiff resides in Georgia. (*See* Scheibe Decl., Ex. A., ECF Nos. 29-1, 29-2.) Plaintiff has not disputed that she is a Georgia citizen. According to the FAC, of the named Defendants, six are California citizens. (FAC ¶¶ 6–15.) None of the Defendants are from Georgia.

At issue is Plaintiff's Motion to Remand and Fox's Motion to Dismiss. (ECF Nos. 23; 26.) For the following reasons, the Court **GRANTS** Plaintiff's Motion to Remand and **DENIES** Fox's Motion to Dismiss **as moot**.

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08066-RGK-RAO | Date | December 8, 2025 |
|---|---|---|---|
| Title | *Jane Doe v. Fox Corporation et al* | | |

## II.    JUDICIAL STANDARD

Defendants may remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. 28 U.S.C. § 1441(a)–(b). The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Id.* at 566.

Moreover, "a district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining, 'upon a proper determination that retaining jurisdiction over the case would be inappropriate.'" *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (quoting *Carneigie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988)). When making this determination, district courts should consider the "values of economy, convenience, fairness, and comity." *Id.*

## III.    DISCUSSION

Plaintiff moves to remand this action to state court, arguing removal was improper and remand would be appropriate. In turn, Fox moves to dismiss numerous causes of action in the FAC. First, the Court addresses Plaintiff's Motion to Remand.

### A.    Motion to Remand

As a preliminary matter, in its Opposition, Fox argues Plaintiff's Motion to Remand fails at the outset because it is untimely.[1] The Court disagrees. Plaintiff timely filed her initial motion to remand within the 30-day statutory period. *See* 28 U.S. Code § 1447(c). On September 30, 2025, the Court struck the initial motion based on purely procedural defects, and Plaintiff refiled a corrected Motion to Remand that same day. (ECF Nos. 22, 23.) Indeed, the Ninth Circuit has allowed litigants to refile motions to cure technical defects without barring for timeliness. *See, e.g., ARCO Envtl. Remediation, L.L.C. v. Dept. of Health and Envtl. Quality of the State of Mont.*, 213 F.3d 1108, 1117 (9th Cir. 2000). Accordingly, the Court finds Plaintiff's Motion is timely.

---

[1] Only Fox opposes the Motion to Remand. (ECF No. 29.)

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08066-RGK-RAO | Date | December 8, 2025 |
|---|---|---|---|
| Title | *Jane Doe v. Fox Corporation et al* | | |

Ultimately, Plaintiff moves to remand because (1) removal in this action was improper on two separate grounds; and (2) remand is appropriate given that the Court may, and should, decline jurisdiction. The Court addresses each argument in turn.

> 1.   <u>*Whether Removal Was Proper*</u>

Plaintiff argues that removal was improper because it was (1) barred by the "forum defendant rule" and "snap removal" is improper; and (2) untimely under 28 U.S.C. § 1446. The Court disagrees.

*First*, according to the "forum defendant rule," "a civil action otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the . . . properly joined and served . . . defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) ("Removal based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court."); *Ehrlich v. Oxford Ins. Co.*, 700 F. Supp. 495, 497 (N.D. Cal. 1988) ("Section 1441(b) provides that, if federal jurisdiction is not based on a federal question, then an action is removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.") (internal quotations omitted).

Here, although six of the Defendants are citizens of California, their local citizenship is not fatal to removal because the action was not removed *solely* based on diversity. Fox removed this action based on federal question as well as diversity jurisdiction, thus the forum defendant rule does not apply. Plaintiff subsequently amending the complaint to exclude the only federal law claim does not impact whether the forum defendant rule now can bar removal because the FAC came *after* removal. The Ninth Circuit has "long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006). Since the Court had federal question jurisdiction over this action at the time of removal, Defendants were not barred from removal. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States . . . .").

In furtherance of her Motion, Plaintiff also claims that Fox's "snap removal," which occurred before any forum Defendants had been served, was improper. Many, but not all, courts in this circuit hold that "snap removal" is improper under the forum defendant rule. *Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-1 v. Old Republic Title Ins. Grp., Inc.*, 532 F. Supp. 3d 1004, 1011 n.3 (D. Nev. 2021) (collecting cases). The Court need not reach this issue here, however, as the forum defendant rule does not apply.

*Second*, 28 U.S.C. § 1446(b)(1) provides that "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise,

JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-08066-RGK-RAO | | Date | December 8, 2025 |
|---|---|---|---|---|
| Title | *Jane Doe v. Fox Corporation et al* | | | |

of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." In other terms, Section 1446(b)(1) "establishes a time limit for removal that generally starts to run when the defendant receives a copy of the initial pleading, which is typically a complaint." *Mayes v. Am. Hallmark Ins. Co. of Texas*, 114 F.4th 1077, 1078 (9th Cir. 2024).

Here, Plaintiff argues that Section 1446(b)(1) requires that removing defendants be served with a summons and complaint prior to removal, and Fox had not been when it removed this action. However, the Ninth Circuit has found that "[t]he plain text of § 1446(b)(1) sets a deadline for removal, not a 'window' for removal," and "[n]othing in the statute's text can be construed as barring a defendant from filing a notice of removal before formal service." *Mayes*, 114 F.4th at 1079 (holding that formal service is not a prerequisite to removal under Section 1446(b)(1)). Thus, the removal here was not improper under Section 1446(b)(1).

Accordingly, the Court finds that the removal was proper. The Court next addresses whether remand is appropriate.

### 2.    *Whether Remand Is Appropriate*

Plaintiff next argues remand is appropriate because only state law claims remain. Thus, this Court may, and should, decline jurisdiction. The Court agrees.

"Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice. Any post-removal pleadings must be treated just as they would be in a case originally filed in federal court." *Williams*, 471 F.3d at 977; *see also Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 22–23 (2025) ("[C]ourts look to the amended complaint to determine jurisdiction."). Here, the FAC only includes state law claims. Although Plaintiff's amendment destroyed federal question jurisdiction, diversity jurisdiction appears to still exist.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. As Fox asserted in its Opposition and original Notice of Removal, Plaintiff is a citizen of Georgia, Defendants are citizens of other states (including Delaware, New York, California, and Illinois), and the amount in controversy exceeds $75,000. (*See* ECF Nos. 1, 29.) Plaintiff does not dispute these jurisdictional facts, and the Court finds it has jurisdiction over this action.

However, as stated above, "a district court has discretion to remand a properly removed case to state court when none of the federal claims are remaining, 'upon a proper determination that retaining jurisdiction over the case would be inappropriate' . . . [given the] values of economy, convenience, fairness, and comity." *Harrell*, 934 F.2d at 205 (quoting *Carnegie–Mellon University*, 484 U.S. at 357).

JS6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:25-cv-08066-RGK-RAO | | Date | December 8, 2025 |
|---|---|---|---|---|
| Title | *Jane Doe v. Fox Corporation et al* | | | |

Here, the Court finds these factors favor remand. Although the forum defendant rule does not apply, as outlined above, the spirit and logic of the rule does. The purpose of the forum defendant rule is to permit only out-of-state defendants to litigate in federal courts to avoid bias in a foreign state court. *See Deutsche Bank Nat'l Tr. Co. as Tr. for Am. Home Mortg. Inv. Tr. 2007-1,* 532 F. Supp. 3d at 1011 n.3 (D. Nev. 2021) (collecting cases). However, this out-of-state bias concern is inapplicable here, where most Defendants are forum defendants. Moreover, the remaining state law issues are more appropriate to be resolved in state court. Thus, "[j]udicial economy favors remand because the Court has not yet performed any substantive legal analysis of Plaintiff's state law claims." *Spireon, Inc. v. Procon Analytics, LLC,* 2018 WL 3004591, at *3 (C.D. Cal. Mar. 12, 2018). "Comity also 'weighs strongly in favor of remand, as Plaintiff[ ] now proceed[s] exclusively on state law claims.'" *Id.* (quoting *Pineda v. Mortgage Elec. Registration Sys., Inc.,* 2014 WL 346997, at *2 (C.D. Cal. Jan. 29, 2014)). The remaining factors, convenience and fairness, "do not weigh strongly for or against remand." *Id.* Plaintiff seeks to remand the case to the California state Stanley Mosk Courthouse, which is located less than a mile from this Court, "and there is no reason to doubt that a state forum will provide an equally fair adjudication of the matter as this [C]ourt." *Popov v. Countrywide Fin. Corp.,* 2009 WL 5206679, at *5 (E.D. Cal. Dec. 18, 2009). Thus, the balance of these factors along with the spirit behind the forum defendant rule favor remand.

Accordingly, in its discretion, the Court finds that remand is appropriate and **GRANTS** Plaintiff's Motion to Remand. The Court need not address Fox's Motion to Dismiss as it is now **moot** and therefore **DENIED**.

IV.    **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand, and **DENIES** Fox's Motion to Dismiss as **moot**.

All pending dates before this Court are vacated. The Clerk shall close this action.

**IT IS SO ORDERED.**

**cc: LASC, 25STCV24581**

|  | : |
|---|---|
| Initials of Preparer | JRE/gz |